# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK CLIFTON, et al., <br><br> Plaintiffs <br><br> v. <br><br> RELIGIOUS ACCOMMODATION COMMITTEE, et al., <br><br> Defendants | CIVIL ACTION NO. 3:13-CV-02680 <br><br> (KOSIK, J.) <br> (MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

On October 30, 2013, Plaintiffs Derek Clifton, Leonards Quattlebaum, Eric Maple, Tyrone Davis, Demetrius Bailey, Jeff Turner, David Snyder, Abdul Brown, Terrance Maxwell, and Yassin Mohamad, proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of their First, Eighth, and Fourteenth Amendment rights. (Doc. 1). Per this Court's December 17, 2013, Order (Doc. 30), the Court dismissed Plaintiffs Quattlebaum, Davis, Snyder, Brown, Maxwell, and Mohamad from this action for failure to pay the filing fee or file the appropriate applications to proceed *in forma pauperis*. Per this Court's January 7, 2014, Order, Plaintiff Clifton was also dismissed. (*See* Doc. 33). Pending before the Court are the remaining Plaintiffs' motions for *in forma pauperis* (Doc. 15 Turner Motion; Doc. 24 Maple Motion; Doc. 28 Bailey Motion), and Turner's motion to appoint counsel. (Doc. 18).

## I. PLAINTIFF BAILEY

### A. PLRA THREE STRIKES

Plaintiff Bailey is barred from proceeding *in forma pauperis* pursuant to the "three strikes rule" set forth in 28 U.S.C. § 1915(g), and he has failed to demonstrate that he was under imminent danger of serious physical injury at the time the complaint was filed.

The statutory text of the "three strikes rule" provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
> 28 U.S.C. § 1915(g).

The Third Circuit recently discussed the appropriate standard for evaluating the accrual of "strikes" under 28 U.S.C. § 1915(g).

> [A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissal for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).

Demetrius Bailey has, on three occasions, while incarcerated or detained, brought an action or appeal in a court of the United States that was dismissed as frivolous. *Bailey v. Diguglielmo*, 3d Cir. C.A. No. 11-1634 (order entered Feb. 24, 2012). *See Bailey v. Crisanti*, 3d Cir. C.A. No. 00-4334 (order entered Nov. 14, 2001); *Bailey v. Crisanti*, W.D. Pa. Civ. No. 00-cv-01310 (order entered Nov. 22, 2000); *Bailey v. Price*, W.D. Pa. Civ. No. 99-cv-00470 (order entered Dec. 22, 1999). Accordingly, he may not proceed *in forma pauperis* unless he can show "imminent danger of serious physical injury" when he filed his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) ("[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed."). In this matter, Bailey has not made the requisite showing of imminent danger. For these reasons, if Bailey wishes to proceed with this complaint, he must

2

pay the full applicable filing and docketing fees to the District Court within fourteen (14) days of the date of this order. No extensions of time to pay the fees will be granted. If Plaintiff Bailey pays the full filing and docketing fees, the case will be reopened.

## II. PLAINTIFFS TURNER AND MAPLE

### A. STANDARD OF REVIEW

Plaintiffs Turner and Maple seek leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Upon consideration, the Court will grant Plaintiffs Turner and Maple's requests for leave to proceed in forma pauperis. (Doc. 15; Doc. 24). Because the Court grants Turner and Maple's requests to proceed *in forma pauperis*, the Court is compelled to screen the complaint and to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or otherwise seeks monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B). For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted.

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." The standard for reviewing a complaint under this section is the same as that for determining a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

3

However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions. A complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.

### B. Allegations in the Complaint

In the complaint, Plaintiffs make a number of wide-ranging, seemingly unconnected allegations involving general policies and practices of the Department of Corrections. Plaintiffs name nineteen defendants and list general accusations arising out of prison conditions, but fail to identity which defendants were involved in which alleged incidents. Among Plaintiffs' general allegations are issues involving prolonged isolation; denial of adequate mental health care; retaliation; violations of the free exercise clause; equal protection violations; and restricted

4

access to the law library. (*See generally* Doc. 1). The complaint loosely uses the terms "plaintiffs" and "defendants" but does not specify who, among the ten originally named plaintiffs, and nineteen named defendants, were acting at various times. At one point the narrative changes to the first person with no indication of which plaintiff was involved in those events. (*See, e.g.,* Doc. 1, ¶ 14, 16-17). Additionally, while it appears the events in this complaint took place at SCI-Coal Township, Plaintiffs Turner and Maple are not presently at SCI-Coal Township and there is no information regarding if, and when, they may have been at SCI-Coal Township, or if they were there during the time of the alleged misconduct.

It is further unclear whether joinder of the two remaining plaintiffs is proper under Rule 20(a). Rule 20(a) provides that plaintiffs may join in one action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20. It is unclear what occurrences happened, when they happened, and which of the originally named plaintiffs were involved. Additionally, it is unclear whether Turner and Maple were ever at the same institution at the same time and were involved in the same transaction or occurrence. For these reasons, at this time the Court is unable to assess on the face of the complaint whether joinder is appropriate, or whether plaintiffs should file individual and separate complaints.

In sum, plaintiffs fail to give specific dates or locations as to when and where the alleged events occurred, what the specific incidents are, who among the defendants was the state actor in each of the alleged events, and against which of the plaintiffs the alleged misconduct occurred. Further, constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal

direction or of actual knowledge and acquiescence in the challenged practice. *See Ball v. Lamas*, 2012 WL 895942, at *10 (M.D. Pa. Jan. 17, 2012). The Court notes that several of the named defendants are supervisors, and are therefore may be impermissibly named; however, it is unclear what role each defendant played in the alleged misconduct and the Court will refrain from recommending that any defendant be terminated from the case until Plaintiffs Turner and Maple have an opportunity to refile an amended complaint.

### C. PLAINTIFF TURNER'S MOTION TO APPOINT COUNSEL

Plaintiff Turner has filed a motion to appoint counsel. (Doc. 18). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

As the Court is recommending the case be dismissed, it would be premature at this time to appoint counsel since the Court cannot assess whether Plaintiff Turner's case has some arguable merit in fact and law. Because the Court does not have sufficient information to determine whether the facts and legal issues in this case warrant appointment of counsel, it is recommended that Plaintiff Turner's motion for appointment of counsel be dismissed without prejudice. (Doc. 18).

### III. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Plaintiff Bailey's motion to proceed *in forma pauperis* (Doc. 28) be **DENIED**. If Bailey wishes to proceed with this complaint, he must pay the full applicable filing and docketing fees to the District Court within fourteen (14) days of the date of this Court's order. No extensions of time to pay the fees will be granted.

2. Plaintiff Maple's motion to proceed *in forma pauperis* (Doc. 24) be **GRANTED**.

3. Plaintiff Turner's motion to proceed *in forma pauperis* (Doc. 15) be **GRANTED**.

4. The Court **DISMISS without prejudice** the complaint (Doc. 1), pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

5. Plaintiffs Maple and Turner be granted leave to amend the complaint to specify the individual defendants whose actions gave rise to their specific claims, and state whether their claims arose out of the same transaction or occurrence. Plaintiffs Maple and Turner shall have thirty (30) days from the date of this Court's order to file an amended complaint.

6. Plaintiff Turner's motion to appoint counsel (Doc. 18) be **DENIED without prejudice**. As it is recommended that the complaint be dismissed, the Court does not have sufficient information at this time to determine whether the claims in the complaint warrant appointment of counsel.

                                                     **BY THE COURT:**

**Dated: January 17, 2014**                          *s/ Karoline Mehalchick*
                                                     **KAROLINE MEHALCHICK**
                                                     **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK CLIFTON, et al., | |
| Plaintiffs | CIVIL ACTION NO. 3:13-CV-02680 |
| v. | (KOSIK, J.) |
| | (MEHALCHICK, M.J.) |
| RELIGIOUS ACCOMMODATION COMMITTEE, et al., | |
| Defendants | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 17, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: January 17, 2014

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**