UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEFFERY KASHIF TURNER,

        Plaintiff,

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,

        Defendants

CIVIL ACTION NO. 3:13-CV-02680

(KOSIK, J.)
(MEHALCHICK, M.J.)

**REPORT AND RECOMMENDATION**

Pending before this Court is a "Motion to Amend" (Doc. 70) filed by Plaintiff Jeffrey Turner. Turner's motion seeks leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a), to include additional plaintiffs, and also requests that the Court consider certifying this matter as a class action. In support of these requests, Turner cites to Rules 20, 21, and 23(a) of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 20(a); Fed.R.Civ.P. 21; Fed.R.Civ.P. 23(c).

**I.　BACKGROUND**

This action was initiated on October 30, 2013 by the filing of a complaint by Derek Clifton, which allegedly included Turner "without his knowledge, consent and requisite signature." (Doc. 1; Doc. 60). In an Order dated March 31, 2014, this Court directed Turner, proceeding *pro se*, to file a new amended complaint by April 30, 2014. (Doc. 53). An amended complaint was filed on April 21, 2014. (Doc. 60). In his amended complaint, Turner alleges violations of his federal constitutional rights under the First and Fourteenth Amendments, as well as a violation of his religious rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 3000cc *et seq*. Specifically, Turner claims that

Defendants have placed a substantial burden on the exercise of his religious beliefs by denying him access to special halal meals.

On September 4, 2014, Turner filed the instant "Motion to Leave to Amend to Add Additional Plaintiffs." (Doc. 70). In this motion, Turner names Timothy Eiland, Wesley Polard, VaQuan Brown, Jack Edwards, Charles Kennedy, Shawnquinn Cruz and Terrance Maxwell and claims that they "suffered the same ... violations by the [Pennsylvania] Depart[ment] of Corr[ections] with Safeguard to their Religious Rights." (Doc. 70). To date, these individuals have neither signed the amended complaint, nor submitted their own motions to intervene and join the litigations as plaintiffs. (Doc. 70).

## II. DISCUSSION

### A. RULE 20(A)(1) PERMISSIVE JOINDER OF PLAINTIFFS

Under Rule 21 of the Federal Rules of Civil Procedure, this Court has authority to add or drop a party *sua sponte* "on just terms." Fed.R.Civ.P.21 (stating "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). Turner requests that the Court include additional plaintiffs pursuant to Rule 20(a)(1), which states as follows:

> … parties may join in one action as plaintiffs if; (a) They assert any right to relief jointly, severally, or in the alternative with respect to arising out of the same transaction, occurrence or series of transactions or occurrences; and (b) Any question of law or fact common to all plaintiffs will arise in the action.

Fed.R.Civ.P. 20(a)(1).

For the following reasons, it is recommended that Turner's motion to include additional plaintiffs be denied.

First, as it relates to Turner's motion for leave to amend the complaint to include additional plaintiffs, Turner is not qualified to represent the aforementioned individuals as their

attorney. Pursuant to Rule 11, "[e]very pleading, written motion, and other paper must be signed by ... a party personally if the party is unrepresented." Additionally, "each individual proceeding as a plaintiff must file either the appropriate filing fee pursuant to 28 U.S.C. §1914 or an *in forma pauperis* request pursuant to 28 U.S.C. §1915." *Thompson v. Howard,* No.09-1416, 2009 WL 3878258, at *2 (W.D. Pa. Nov. 18, 2009). "Where the court grants an *in forma pauperis* request to one or all plaintiffs in a civil action, the parties may then plead and conduct their ... cases personally." 28 U.S.C. § 1654. This statute, however, "does not allow for unlicensed laymen to represent anyone else other than themselves." *Thompson*, 2009 WL 3878258, at *2 (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).

In the present case, Turner signed the amended complaint and the instant Motion, but the individuals Turner seeks to add in his motion did not sign any of the documents submitted by Turner, "thus failing to demonstrate their willingness to join this case as plaintiffs." *Thompson*, 2009 WL 3878258, at *2. In addition, although Turner submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the aforementioned individuals did not submit either a representative fraction of the filing fee, pursuant to 28 U.S.C. § 1914, or an *in forma pauperis* request, pursuant to 28 U.S.C. § 1915. As such, it appears that Turner submitted this civil action on behalf of Eiland, Pollard, Brown, Edwards, Kennedy, Cruz, and Maxwell. Turner has "submitted no evidence demonstrating that he is qualified to represent the aforementioned individuals as their attorney." As stated, as an unlicensed laymen, Turner cannot represent anyone other than himself in the current controversy. *See Thompson v. Howard*, No. 09-1416, 2009 WL 3878258, at *2 (W.D. Pa. Nov. 18, 2009). Accordingly, it is recommended that Turner's motion requesting permissive joinder of parties pursuant to Rule 20(a) should be denied. *See* Fed.R.Civ.P. 20(a).

B.  RULE 23(C) CERTIFICATION OF CLASS ACTION

For the reasons stated above, Turner has also failed to meet the minimum requirements for certification of a class action. In particular, there are four prerequisites that must be met in order to certify a class action; namely:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

A class can only be certified if all four requirements of Rule 23(a) are met. *Fotta v. Trustees of United Mine Workers of Am.*, 319 F.3d 612, 618–19 (3d Cir. 2003). Turner, who is proceeding *pro se*, cannot satisfy the fourth requirement, adequacy of representation. *Nunez v. Lindsay*, No. 3:CV-05-1763, 2006 WL 3242111, at *1 (M.D. Pa. Nov. 7, 2006) (*citing Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Alexander v. N.J. State Parole Bd.*, 160 Fed. App'x 249, 250 n.1 (3d Cir. 2005) (*per curiam*) ("[A] prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates.") (*citing Oxendine*, 509 F.2d at 1407 ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.")). This is so because the "[a]bility to protect the interests of the class depends in part on the quality of counsel, and ... the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." *Oxendine*, 509 F.2d at 1407. Because Turner cannot satisfy all four of the prerequisites to class certification under Rule 23(a), it is recommended that his motion requesting the certification of a class action be denied.

## III. RECOMMENDATION

Based on the foregoing, it is recommended that Turner's motion for permissive joinder of parties and for class certification (Doc. 70) be **DENIED**.

Dated: September 12, 2014                                *s/ Karoline Mehalchick*
                                                         **KAROLINE MEHALCHICK**
                                                         **United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY KASHIF TURNER, <br><br> Plaintiff, <br><br> v. <br><br> PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendants | CIVIL ACTION NO. 3:13-CV-02680 <br><br> (KOSIK, J.) <br> (MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **September 12, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: September 12, 2014**                                    *s/ Karoline Mehalchick*
                                                                 **KAROLINE MEHALCHICK**
                                                                 **United States Magistrate Judge**