# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY TURNER, | : | CIVIL NO. 3:13-CV-2680 |
| | : | |
| Plaintiff, | : | (Judge Kosik) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION[1]

### I.  Statement of Facts and of the Case

This case, which comes before us for further consideration of a welter of motions, which seek to add plaintiffs to this litigation in a haphazard fashion, presents a cautionary tale regarding the perils of multi-plaintiff *pro se* inmate litigation. Indeed, the current pending motions were inspired by just one example of the chaos that can ensue from such litigation, since the initial act which precipitated these motions was an allegation of a *pro se* inmate plaintiff, Jeffrey Turner, that his name had been added as a plaintiff in a lawsuit without his consent.

---

[1]The parties are advised that, pursuant to 28 U.S.C. § 636, the district court has orally referred the above-captioned case to the undersigned for pre-trial management, resolution of non-dispositive motions, and preparation of reports and recommendations on potentially dispositive matters.

Turner made this allegation in the instant case at the time that he filed what is styled as a third amended complaint in this lawsuit. (Doc. 60.) In this third amended complaint, Turner first alleged that he had been initially named as an inmate plaintiff in this *pro se* lawsuit without his knowledge. (Id., ¶1.) After complaining about his inclusion in this lawsuit without full knowledge of the case, Turner then alleged violations of his federal constitutional rights under the First and Fourteenth Amendments, as well as a violation of his religious rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 3000cc *et seq*. Specifically, Turner claimed that the defendants placed substantial burdens on the exercise of his religious beliefs by denying him access to special halal meals. (Id.)

Notably, many of Turner's allegations in this third amended complaint were unique and personal to him. Thus, Turner described his personal religious beliefs, detailed his efforts to obtain an accommodation of those religious beliefs through dietary accommodations, and outlined for the court his administrative exhaustion of these issues prior to proceeding into federal court. (Id.) Further, while Turner provided these careful factual recitals pertaining to his conduct, Turner's amended complaint did not make factual recitals of a similar nature with respect to any other inmates. (Id.)

Given Turner's protests in this amended complaint that he was initially named as a plaintiff in this lawsuit, "without his knowledge, consent and requisite signature," what followed has a sense of unintended irony. After submitting this third amended complaint Turner did precisely what he described as unfair and improper in that amended complaint. Specifically, Turner then filed a motion to amend his complaint to add a host of additional inmate-plaintiffs, none of whom had provided what Turner previously called the "requisite signature" to any amended complaint. Indeed, Turner's motion to amend this complaint violated this court's Local Rule 15.1 in that Turner did not tender any proposed amended complaint to the court for its consideration, far less an amended complaint which had actually been endorsed by any of the inmates Turner now claims wish to be plaintiffs in this lawsuit.

Presented with this incomplete motion, Magistrate Judge Mehalchick recommended that the motion to amend be denied, in part because none of the putative plaintiffs identified by Turner had evinced any knowledge of this lawsuit, or stated a desire to participate in this litigation. (Doc. 73.) The district court adopted this Report and Recommendation, but did so without prejudice to Turner attempting to make a further showing in support of this motion. For his part Turner responded to this Report and Recommendation by filing a motion, captioned as objections to the Report and Recommendation, which included what purport to be signatures of other inmates

who wish to join this lawsuit. (Doc. 76.) It is entirely unclear, however, what lawsuit these inmates believe that they are joining, since Turner has not provided the court with an amended complaint. Instead, he simply tendered a list of disembodied signatures which he claims are inmates who wish to join some litigation. Further, in the absence of a coherent amended complaint outlining the claims of these additional putative plaintiffs it is impossible to determine whether "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [whether] any question of law or fact common to all plaintiffs will arise in the action," as required by Rule 20 of the Federal Rules of Civil Procedure. Fed. R. Civ. P., Rule 20.

What then followed has been a series of sporadic and intermittent filings, filings which further highlighted the confusion that can ensue in cases of this type where multiple inmates are asserting, with differing degrees of clarity, a desire to jointly sue prison officials. These additional filings include an incomplete motion for leave to preached *in forma pauperis* from one inmate, a motion by Turner seeking leave to proceed forward with this multi-plaintiff lawsuit, and a motion by the defendants seeking leave to belatedly contest the amendment of this complaint proposed by Turner. (Docs. 80, 84, and 85.)

We will GRANT the motion of the defendants' to oppose the amendment of this complaint that has been proposed by Turner, (Doc. 85.), and for the reasons set forth below, we recommend that the court deny Turner leave to amend at this time. Instead, we recommend that the court prescribe an orderly and rational process for other inmate-plaintiffs to bring claims if they choose to do so.

II. **Discussion**

   A. **Turner Should Be Denied Leave to Amend This Third Amended Complaint to Unilaterally Add Plaintiffs. Instead Those Putative Plaintiffs Should File Individual Complaints and Motions Seeking Joinder of Their Claims**

In our view, Turner's proposed piecemeal amendments to this third amended complaint invite procedural chaos in this litigation. This procedural chaos stems from several sources.

First, Turner and the other putative plaintiffs that he wishes to add to this litigation have failed to comply with the requirements of Local Rule 15.1, since these motions to amend are unaccompanied by any proposed amended complaint, as required by Local Rule 15.1 which provides as follows:

**LR 15.1 Amended Pleadings.**

**(a) Proposed amendment to accompany the motion.**

When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it

will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion. If the motion is granted, the clerk shall forthwith file the amended pleading. Unless otherwise ordered, an amended pleading that does not add a new defendant shall be deemed to have been served for the purpose of determining the time for response under Fed.R.Civ.P. 15(a), on the date the court grants leave for its filing. A party granted leave to amend its pleading, when the amended pleading would add a new defendant, shall file and effect service of the amended pleading within thirty (30) days after the date of the Order granting leave for its filing.

**(b) Highlighting of amendments.**

The party filing the motion requesting leave to file an amended pleading shall provide: (1) the proposed amended pleading as set forth in subsection (a) of this rule, and (2) a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type.

Local Rule 15.1.

This failure to comply with Local Rule 15.1, standing alone, justifies denial of leave to amend in the exercise of this court's discretion. Brooks-McCollum v. Emerald Ridge Serv. Corp., 563 F. App'x 144, 147 (3d Cir.) cert. denied, 135 S. Ct. 143, 190 L. Ed. 2d 46 (2014); Glunk v. Pennsylvania State Bd. of Med., No. 1:14-CV-659, 2015 WL 999135, at *1 (M.D. Pa. Mar. 5, 2015). This case aptly illustrates the wisdom behind Rule 15.1's requirement that parties submit proposed amended complaints along with any motions to amend. Here, Turner is suggesting that numerous additional plaintiffs be added to this lawsuit. However, there is no proposed

amended complaint reciting any well-pleaded facts regarding the involvement of these putative plaintiffs in this case. Thus, we have no representations from any of these putative parties regarding their religious beliefs, how prison dietary practices have burdened those beliefs, whether the plaintiffs have sought religious meal accommodations, and whether these potential plaintiffs have exhausted their grievances with respect to these prison diet issues. We also have no coherent prayers for relief from any of the putative plaintiffs. Indeed, given the current and wholly incomplete state of the record, where there have been no factual averments made on behalf of any of these putative plaintiffs, all of their cases would be subject to summary dismissal if leave to amend was granted since there are no well-pleaded factual allegations in support of any of these specific plaintiffs' claims. It is well-settled that, "'[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.' In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) ('Burlington'); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993). 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Burlington, 114 F.3d at 1434." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Here without some well-pleaded facts outlining claims by each individual putative plaintiff, these

claims are subject to dismissal, thus rendering the proposed amendment, in its current form, futile.

Furthermore, the murky procedural posture of this matter defeats any effort by the court to make informed assessments regarding whether any of these putative plaintiffs should be joined as parties in this litigation under Rule 20. This rule, which governs permissive joinder of parties, provides in part that the court may allow joinder of plaintiffs when "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P., Rule 20. "A district court's order [regarding] the joinder requirements of Rule 20 is reviewed for abuse of discretion. Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir.1997). A district court abuses its discretion when 'its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact. Danvers Motor Co., Inc. v. Ford Motor Co., 543 F.3d 141, 147 (3d Cir.2008) (internal quotation marks omitted)." Hagan v. Rogers, 570 F.3d 146, 152 (3d Cir. 2009). However, where a plaintiff fails to show that joinder is proper under Rule 20, the proper exercise of the district court's discretion is to deny the motion to join parties. See Blood v. Fed. Bureau of Prisons, 351 F. App'x 604, 607 (3d Cir. 2009).

Here, there are substantial, and unanswered, questions regarding whether this diverse group of putative plaintiffs can demonstrate that permissive joinder is proper. Evaluation of these joinder claims entails an individualized assessment of a host of legal and factual issues including the plaintiff's professed religious beliefs, the plaintiff's efforts to obtain accommodation of those beliefs, and the plaintiff's compliance with grievance procedures in the prison after accommodations were allegedly denied. None of the putative plaintiffs have provided the slightest explanation in a proposed amended complaint or otherwise concerning how they satisfy these elements of proof in some common and coherent fashion. Furthermore, the relief sought by these plaintiffs may vary considerably, since Turner describes prison dietary practices at a single institution, and many of these inmates may no longer be housed at that prison. Indeed, it appears that some of these putative plaintiffs may no longer be inmates. Thus, an individualized consideration of the injunctive relief sought in this case strongly suggests that this aspect of the case would entail very different elements of pleading and proof for each of the potential plaintiffs, yet another factor which suggests that joinder may complicate, rather than simplify, this litigation.

Aside from the problems presented by the plaintiffs' failure to comply with Local Rule 15.1 or satisfy the elements required for permissive joinder under Rule 20,

there are at least two other procedurally chaotic aspects to the course of action proposed by Turner, each of which cautions against granting these requests at this time.

First, the pleadings in this case strongly suggest that inmate Turner is the personal architect of this proposed lawsuit, and intends to serve as the *de facto* counsel for the plaintiffs. It is well-settled that: "a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); see also Wallace v. Smith, 145 Fed. Appx. 300, 302 (11th Cir.2005)." Alexander v. New Jersey State Parole Bd., 160 F.App'x 249, 250 (3d Cir. 2005). Thus, "*pro se* litigants are generally not appropriate as class representatives. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975)." Hagan v. Rogers, 570 F.3d 146, 159 (3d Cir. 2009). Since Turner, a *pro se* inmate litigant, plainly intends to serve in this capacity, and is forbidden from doing so, this request should be denied.

Finally, the haphazard way in which it is proposed that putative inmate plaintiffs be joined in this lawsuit ignores another important procedural requirement. As the United States Court of Appeals for the Third Circuit explained in Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009), the Prison Litigation Reform Act, 28 U.S.C. §

1915(b)(1), requires each plaintiff prisoner who joins in the above case to pay the full filing fee. The Hagan court, quoting Boriboune v. Berge, 391 F.3d 852, 856 (7th Cir. 2004), stated, "... *taking '§1915(b)(1) at face value,' the requirement for each prisoner to pay a full fee is simply one price that a prisoner must pay for IFP status under the PLRA*." Id. at 155 (citation omitted)(emphasis added). Therefore, before we can consider these individual joinder requests, it would be necessary for each individual plaintiff to fully comply with the IFP procedures prescribed by the PLRA, and agree to make payments of the filing fees through their inmate accounts. This has not occurred to date, and the failure to comply with the PLRA presents yet another bar to the amendment proposed by Turner.

Given these obstacles to orderly case administration, it is submitted that these motions to amend this lawsuit in the fashion proposed by Turner, through the amendment of a complaint to add numerous plaintiffs who are never mentioned in any proposed amended complaint, be denied. Instead, it is recommended that the court first direct individual putative plaintiffs to file independent complaints detailing their claims, along with complete IFP paperwork which meets the requirements of the PLRA. Once individual plaintiffs have taken this step, the court and the parties will be able to make informed judgments concerning which claims can survive dispositive

motions, and whether the requirements of Rule 20 for permissive joinder of claims are satisfied.

### III. Recommendation

Accordingly, for the foregoing reasons, the defendants' Motion for Extension of Time, (Doc. 85.), is GRANTED. IT IS FURTHER RECOMMENDED that the plaintiff's Motion to Amend, (Doc. 70.), for Extension of Time, (Doc. 76.), for Leave to Proceed *In Forma Pauperis*, (Doc. 80.) AND Motion to Life Stay, (Doc. 84.), all of which propose that additional plaintiffs be added in a piecemeal fashion to this litigation without providing any pleadings setting forth well-pleaded facts allowing the court to determine whether joinder is proper, be DENIED. Instead, IT IS FURTHER RECOMMENDED that the court first direct individual putative plaintiffs to file independent complaints detailing their claims, along with complete IFP paperwork which meets the requirements of the PLRA. Once individual plaintiffs have taken this step, the court and the parties will be able to make informed judgments concerning which claims can survive dispositive motions, and whether the requirements of Rule 20 for permissive joinder of claims are satisfied.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition

of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of September 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
